Chief Justice Robektson.
delivered th.e opinion of the Court,
John H. Hanley and William Lewis, being co-sureties, for an insolvent principal in replevin bonds for a large sum, Hanley, apprehending that Lewis would become insolvent before the bonds would become payable, and hearing that an agent of Lewis was in the a<t- of taking to Arkansas or Texas about twenty slaves for the purpose, as is supposed, of imposing upon him (Hanley) the whole burthen of the replevin bonds, attached the slaves in Mercer county, by an order oi a chancellor, upon a bill filed in the Mercer circuit court.
Lewis haying failed to execute, such a bond as the restraining order required, the slaves were retained, pursuant to the order, in the custody of the sheriff.
Lewis lived in Jessamine, and the subpoena was served on him in that county. He relied on that fact as an objection, which, by plea, he made to the jurisdiction of the court. During the pendency of that suit in chancery, and before Hanley had discharged the replevin bonds, William McConnel (a judgment creditor of Lewis) procured a fieri facias on his judgment to be levied on the slaves in the custody of the sheriff under Hanley’s restraining order. Some of th,e slaves were sold under that execution, and Hanley, advised (as he says) that his only mode of securing the possession was to buy the slaves at the sheriff’s sale, bought some of them, and gave a sale bond for the price. To enjoin the enforcement of that bond, he filed a bill in chancery, relying chiefly on the foregoing circumstances for a cancehnent of the obligation in consequence of a supposed want of consideration. Upon the hearing of the case on bill, answer, a?u) exhibits, the circuit court perpetuated Hanley’s injunction, and that decree is now complained of by McConnel.
We cannot sustain the decree.
Ileyitt, for appellant ; Mayes, for-appellee.
1st. If the jurisdiction of the Mercer circuit court be conceded, and it be admitted, as a consequence of the lis pendens, that Hanley had a lien on the slaves, nevertheless that lien was remote and contingent. How much more than his moiety of the joint debt Hanley would be compelled to pay, or whether Lewis would voluntarily indemnify him by a just contribution, was uncertain. It was also uncertain whether he would ever obtain a final decree for enforcing the Hen. He made no reservation of his Hen at the time of the sale under execution, or when he executed his sale bond. Whatever may have been Hanley’s intention, therefore, his acts must be deemed an implied waiver of any lien that he had.
2nd. The suit in chancery in Mercer had not been disposed of when the decree in this case was render-pd, and we have no means of knowing to what extent the lis pendens should be deemed to have operated, or to what extent the lien, supposed to have re-suited from the pendency of the suit in Mercer, shall ultimately be ascertained to be available, or how far its enforcement may become necessary to Hanley’s indemnity. ' ”
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with instructions to dissolve the injunction, with damages, and disqaiss the hill with costs.